IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

Anthony LaBonte
Teresa LaBonte
8836 Lew Wallace Road
Frederick, MD 21704

    Plaintiff,

v.

GMAC Mortgage LLC.
c/o Resident Agent
CSC-LAWYERS INCORPORATING SERVICE·COMPA
7 ST. PAUL STREET, SUITE 1660
BALTIMORE, MD 21202

    Defendant.

Case No. _____

## COMPLAINT

The plaintiffs Anthony and Teresa LaBonte, for their complaint against the defendant GMAC Mortgage LLC. ("GMAC" or "defendant"):

## GENERAL ALLEGATIONS

1. The plaintiffs own real property known as 8836 Lew Wallace Road, Frederick MD.

2. The above property is their principal dwelling and has been at all times relevant to this action.

3. On or about June 13, 2006, the Plaintiffs executed and delivered a note and a deed of trust to Sunshine Mortgage Corp. The loan was a refinance of their existing mortgage.

4. After the Plaintiffs had signed the loan documents, they were notified that there were discrepancies in the documents that they signed by letter dated July 5, 2006. Specifically, it was stated that the Truth in Lending Disclosure Statement did not accurately reflect the Annual Percentage Rate or the Finance Charge.

5. In addition to the revised TIL Disclosure, the Plaintiffs were also sent a notice of right to

cancel. They were direct sign the Notice of Right to Cancel in two places. The first was where they acknowledged receipt and a second time on the same document where they confirmed that they had not exercised their right to cancel.

6. Upon information and belief, the loan has been assigned by Sunshine Mortgage and is now held by the Defendant.

7. Plaintiffs sent a written notice of rescission to GMAC within three years of the transaction.

8. GMAC acknowledged receipt of the rescission notice.

### VIOLATION OF TRUTH IN LENDING ACT ("TILA")

9. Plaintiffs incorporate by reference, the allegations above.

10. Sunshine Mortgage is a creditor as that term is defined under the Truth in Lending Act, 15 U.S.C. § 1602 (f) ("TILA").

11. Sunshine Mortgage entered into at least five loans secured by real property in the calendar year 2006.

12. Plaintiffs are consumers as that term is defined under the Truth in Lending Act, 15 U.S.C. § 1602 (h).

13. Plaintiffs were entitled to clear and conspicuous notice of their right to cancel the transactions under TILA.

14. The plaintiffs did not receive clear and conspicuous notice of their right to cancel when they were told to sign a confirmation that they elected not to rescind before their rescission period expired.

15. The plaintiff gave the Defendant and Sunshine Mortgage written notice of the election to cancel the transaction more than 20 days before the filing of this action.

16. The Defendant failed to honor the plaintiffs' election to cancel and return all finance and

other charges that they paid.

17. The plaintiffs paid $9,197.44 in up front finance and other charges in connection with the loan.

18. The Plaintiffs have paid interest in the approximate amount of $40,399.92, the exact amount being known to the Defendant.

19. The finance charges involved in the transaction were in excess of $2,000.

20. For any tender obligation, the Plaintiffs tender the real property against which the Defendant holds a security instrument

21. Plaintiffs are entitled to statutory damages, a return of their finance and other charges, and their costs, including attorneys fees.

Wherefore, plaintiffs pray this court grant the following relief on this count:

a. A money judgment in the amount of $49,597.36, statutory damages allowed by law and any other relief under the Truth in Lending Act or other applicable law;

b. An award of costs and attorneys fees;

c. such other and further relief that the nature of the cause may require.

Respectfully submitted,

Scott C. Borison,
Legg Law Firm LLC.
5500 Buckeystown Pike
Frederick MD 21703
(301) 620-1016

**TRIAL BY JURY**
The Plaintiffs request a trial by jury of their claims.

Scott C. Borison

3